

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00001-CR

THE STATE OF TEXAS, APPELLANT

V.

STARLA CARROLL STONE, APPELLEE

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 133786-1, Honorable W. F. (Corky) Roberts, Presiding

May 21, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

The State of Texas appeals the trial court's order granting appellee's, Starla Carroll Stone, motion to suppress evidence. See TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2012). We will affirm.

Background

On or about March 31, 2012, the Potter County Sheriff's Office dispatch received a call that there was an "underage party" being held on the 2300 block of Robinson in

Bushland, Texas. Officer Kevin Coffman was dispatched to investigate the call. He arrived at the location around midnight or 1:00 a.m. Observing an unusual amount of parked cars in the area of 2305 Robinson, Coffman approached the residence and rang the doorbell. Looking through a nearby window, Coffman said that he saw nine juveniles in a bedroom and that they appeared to be hiding. Coffman also said that he could see fifteen "Solo" brand plastic cups in the kitchen, which, based on his training and experience, "usually" contain alcohol. Not receiving a response, Coffman rang the doorbell a second time. After approximately four minutes passed, appellee answered the door. Coffman informed appellee that he was investigating a possible crime, and asked her to step outside of the residence. According to Coffman, appellee complied with his request, and gave him nonverbal consent to enter the residence.

Coffman entered the residence and, in the attached garage, found a keg of beer, two 30-packs of beer, and two bottles of liquor. Breathalyzer tests were performed on the underage attendees resulting in the issuance of several consumption of alcohol by a minor citations. See TEX. ALCO. BEV. CODE ANN. § 106.04(a) (West Supp. 2012). During the investigation, appellee's son took responsibility for providing the alcohol to the underage attendees and he was arrested.

Appellee was charged by eight criminal informations with furnishing alcohol to a minor. See TEX. ALCO. BEV. CODE ANN. § 106.06(a) (West Supp. 2012). The trial court granted the State's motion to consolidate each of the eight charges into one cause. Appellee then filed a motion to suppress all evidence obtained from Coffman's search of the residence on the basis that the search was conducted without a warrant, consent, or probable cause and exigent circumstances. The trial court held a hearing on the motion

2

on November 21, 2012.  Only Coffman and appellee testified at this hearing.  On November 28, 2012, the trial court signed an order granting appellee's motion to suppress.

The State appealed the trial court's order granting appellee's motion to suppress. See TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5).  By its sole issue, the State contends that probable cause and exigent circumstances obviated the need for a search warrant of appellee's home.

Standard of Review

We review the trial court's ruling on a motion to suppress for abuse of discretion. See State v. Dixon, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006); Long v. State, 823 S.W.2d 259, 277 (Tex.Crim.App. 1991).  At a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of witnesses and the weight to be given to their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000); Wood v. State, 18 S.W.3d 642, 646 (Tex.Crim.App. 2000).  "Accordingly, the judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted."  Ross, 32 S.W.3d at 855 (footnotes omitted).  We afford almost total deference to the trial court's determination of the historical facts that depend on an evaluation of credibility and demeanor, but we review de novo the trial court's application of the law to the facts if resolution of those ultimate questions do not turn on evaluation of credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

3

A search conducted without a warrant is per se unreasonable under the United States and Texas Constitutions. See Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Hulit v. State, 982 S.W.2d 431, 434 (Tex.Crim.App. 1998). Once it is established that a search was conducted without a warrant, the burden is on the State to prove the reasonableness of the search. Gonzalez v. State, 588 S.W.2d 355, 360 (Tex.Crim.App. 1979). One way to meet that burden is for the State to show that probable cause and exigent circumstances justified the search. See Gutierrez v. State, 221 S.W.3d 680, 685-86 (Tex.Crim.App. 2007).

"Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found." Estrada v. State, 154 S.W.3d 604, 609 (Tex.Crim.App. 2005) (quoting McNairy v. State, 835 S.W.2d 101, 106 (Tex.Crim.App. 1991)). When the search is of a residence, probable cause must be such that it "points like a beacon toward the location." Parker v. State, 206 S.W.3d 593, 597 (Tex.Crim.App. 2006). If probable cause is present, the inquiry becomes whether exigent circumstances existed to obviate the need for a search warrant and justify the initial warrantless entry. McNairy, 835 S.W.2d at 107. Exigent circumstances include preventing the removal or destruction of evidence or contraband. See id. If either probable cause or exigent circumstances are not established, a warrantless entry will not withstand judicial scrutiny. See Gutierrez, 221 S.W.3d at 685-86.

Analysis

In the present case, neither party disputes that Coffman entered appellee's house without a warrant. Therefore, the burden is upon the State to prove the legality of the warrantless search. See id.; Gonzalez, 588 S.W.2d at 360. The State contends that the search of appellee's residence was justified by the existence of probable cause and exigent circumstances.[1]

According to the State, the facts and circumstances known to Coffman indicating that the instrumentality or evidence of a crime would be found in appellee's home are (1) the nature of the dispatch was specific to an underage party;[2] (2) there were more vehicles in the area than would be usual for that time; (3) when Coffman arrived in a marked patrol car, three vehicles left the scene; (4) when Coffman arrived, several young people went into the residence; (5) Coffman observed nine juveniles in the residence that appeared to him to be hiding; (6) Coffman also observed fifteen "Solo" brand plastic cups in the kitchen, which, based on his training and experience, "usually" contain alcohol; (7) after ringing the doorbell, Coffman had to wait approximately four minutes before the door was answered even though he had seen people in the

---

[1] We note that, at the suppression hearing, the State argued that appellee gave Coffman nonverbal consent to enter the residence. See Meekins v. State, 340 S.W.3d 454, 458 ( 2011) (consent is an exception to the warrant requirement). However, on appeal, the State indicated that it "will not focus on the consent exception." Consistent with that statement, the State presents no argument that appellee consented to a search of her residence.

[2] In Coffman's written report, he indicated that he was dispatched to investigate "an underage party." However, at the hearing on appellee's motion to suppress, he testified that dispatch advised him that there was alcohol involved. We must afford almost total deference to the trial court's determination of the historical facts that depend on an evaluation of credibility and demeanor. Guzman, 955 S.W.2d at 89.

residence before ringing the bell; and (8) when appellee answered the door, her lack of focus and statement that she was about to go to bed seemed to Coffman to show a reluctance to talk to law enforcement. The State contends that these facts are sufficient to establish that Coffman had probable cause to enter the residence. We disagree.

The first four facts highlighted by the State do no more than establish that there was a party being held at appellee's residence and that minors were in attendance. Coffman's opinion that nine minors appeared to be attempting to hide could be disbelieved by the trial court but, even if believed, it does not evidence the commission of a crime. Certainly, the trial court could have discounted Coffman's observation that there were "Solo" brand cups in the kitchen and his opinion that these cups "usually" contain alcohol. Common knowledge leads us to conclude that there is nothing inherent about "Solo" brand cups that make them more likely to contain alcohol than other kinds of beverages. However, even if we were to conclude that these cups do "usually" contain alcohol, there was evidence presented at the hearing that Coffman would not have been able to see into the kitchen from appellee's front door. The delay in appellee answering the door and appellee's behavior upon answering the door are easily explained by the distractions of hosting a party and the noise typically associated with such parties. After viewing all of the reasonably trustworthy facts and circumstances known to Coffman, we cannot conclude that a man of reasonable prudence would believe that the instrumentality of a crime or evidence of a crime would be found in appellee's residence. See Estrada, 154 S.W.3d at 609.

Because the absence of probable cause makes the warrantless entry into a residence unjustified, <u>see</u> <u>Gutierrez</u>, 221 S.W.3d at 685-86, we conclude that the trial court did not abuse its discretion in granting appellee's motion to suppress.

## Conclusion

Having determined that Coffman's entry into appellee's residence was not supported by probable cause, we affirm the trial court's order granting appellee's motion to suppress.

Mackey K. Hancock<br>
Justice

Do not publish.